UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
QAZIM PULATANI,

                                                              **OPINION & ORDER**

                        Plaintiff,        **02 CV 04905 (SJF)**

        -against-

MUTUAL OF OMAHA INSURANCE
COMPANY,

                    Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

I. Introduction

In or about July 2002, plaintiff Qazim Pulatani ("Plaintiff") commenced this action against defendant Mutual of Omaha Insurance Company ("Defendant") in the Supreme Court of the State of New York, County of Nassau. Defendant removed this action to this Court pursuant to 28 U.S.C. § 1446. Before the Court is the motion of Plaintiff to vacate this Court's November 5, 2008 Order ("November 2008 Order") pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") and Local Civil Rule 6.3 ("Local Rule 6.3"). For the reasons set forth herein, the motion is denied.

1

II.     Background

Plaintiff commenced this action in July 2002. Approximately two (2) years later, at the status conference on July 1, 2004, Plaintiff's counsel, Binder & Binder, P.C. ("Binder & Binder") advised the Court, *inter alia*, that: (1) Plaintiff was "uncooperative;" (2) Plaintiff owed Defendant discovery documents; and (3) "[Plaintiff] had recently left the country for an indefinite period of time to visit his ailing mother in Eastern Europe," and "requested that the case be removed from the trial calendar, subject to restoration." (Aff. of Charles T. Locke in Opp'n to Pl.'s Mot. to Vacate, ¶¶ 28, 30.) The Court, on consent of the parties, administratively closed the case without prejudice and with leave to restore the case to its calendar on ten (10) days notice by either party to the Court. (Docket No. 19.)

Approximately three (3) years later, on or about September 12, 2007,[1] Binder & Binder moved to withdraw as counsel,[2] alleging, *inter alia*, that: (1) Plaintiff "failed to cooperate" with Binder & Binder "in preparation for trial;" (2) Plaintiff "has refused to pay the legal fees that he owed;" (3) "there has been a breakdown in the relationship" between Plaintiff and Binder & Binder; (4) Plaintiff "has been hostile;" (5) Plaintiff "has yelled and screamed during conversations and he has refused to follow [Binder & Binder's] recommendations;" and (6) "[s]ince March 18, 2005, [Binder & Binder] has attempted to facilitate [Plaintiff's] efforts to

---

[1] Although the Affidavit submitted in support of Binder & Binder's motion to withdraw is dated September 11, 2006, it was filed and notarized on September 11, 2007. (Docket No. 21.)

[2] While Binder & Binder also moved to have the case restored, it withdrew that portion of the motion by letter dated September 20, 2007, indicating, *inter alia*, that "the sole reason for asking that this matter be placed back on the active calendar" was to have Binder & Binder relieved as Plaintiff's counsel. (Docket No. 22.)

obtain new counsel and has spoken with various counsel" but, '[u]pon information and belief, to date, no new counsel has agreed to take [Plaintiff's] case." (Docket Nos. 20, 21). The Court granted Binder & Binder's motion on October 16, 2007. (Docket No. 24.)

In response to Plaintiff's letter dated August 28, 2008 stating, *inter alia*, that Plaintiff has retained new counsel and "request[ing] that this case be restored to the Court's calendar," the Court scheduled a conference ("November 2008 Conference"). (Docket Nos. 25, 26.) On September 11, 2008, Defendant filed a letter ("September 2008" Letter), *inter alia*, "vehemently object[ing] to the restoration of this matter to the calendar after an unreasonable delay of four and one-half years of total inactivity - a delay solely attributable to [Plaintiff]," and "urg[ing] this Court to dismiss this action *sua sponte*," pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"). (Docket No. 27.)

At the November 2008 Conference, this Court denied Plaintiff's application to restore the case and dismissed the case in its entirety.

III. Discussion

A. Effect of Appeal

Although, generally, the timely filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal, a court retains jurisdiction to deny a Rule 60(b) motion during the pendency of an appeal. See King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002). "This Circuit allows a district court either to 'entertain and deny the rule 60(b) motion' without the circuit court's permission, or 'grant a rule 60(b) motion

3

after an appeal is taken . . . if the moving party obtains permission from the circuit court.'" Id. (quoting Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)); see also Selletti v. Carey, 173 F.3d 104, 109 (2d Cir. 1999) (citation omitted).

In December 2008, Plaintiff filed an appeal ("Appeal") of the November 2008 Order to the United States Court of Appeals for the Second Circuit. While the Appeal was pending, Plaintiff filed the instant motion. There is no indication that Plaintiff sought permission from the Second Circuit for this Court to entertain the instant motion. However, on March 23, 2009, the parties entered into a stipulation withdrawing the Appeal based upon Plaintiff's filing of the instant motion.

B.      Rule 60(b)

Plaintiff asserts that this Court's November 2008 Order should be vacated pursuant to Rule 60(b)(1) and (6), which state that: "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Rule requires that the motion "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(b) "preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). Although Rule 60(b) "should be broadly construed to do 'substantial justice,' . . . final judgments should not be lightly reopened." Nemaizer v. Baker, 793

F.2d 58, 61 (2d Cir. 1986) (citation omitted). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (citing Nemaizer, 793 F.2d at 61); see United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994) (relief under Rule 60(b) may be granted only in "extraordinary circumstances"). "The Rule may not be used as a substitute for a timely appeal." Nemaizer, 793 F.2d at 61 (citations omitted).

Plaintiff alleges, *inter alia*, that this Court erred when it "*sua sponte* dismissed [P]laintiff's case at the November 5, 2008 status conference." (Pl.'s Mem. of Law ("Pl.'s Mem."), p. 2.) However, Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); see also Fed. R. Civ. P. 41(b) (stating that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . .").

To determine whether dismissal is appropriate under Rule 41(b), the Court must consider the following five (5) factors: (1) "the plaintiff's failure to prosecute caused a delay of significant duration;" (2) "plaintiff was given notice that further delay would result in dismissal;" (3) "defendant was likely to be prejudiced by further delay;" (4) "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court;" and (5) "the trial court adequately assessed the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). However, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." Id.

5

Contrary to Plaintiff's contention, dismissal was appropriate in this case. Plaintiff has not demonstrated that this Court's November 2008 Order should be vacated based upon "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Nor has Plaintiff demonstrated "extraordinary circumstances" or "extreme and undue hardship" to warrant relief under Rule 60(b). Nemaizer, 93 F.2d at 63 (citations omitted).

Plaintiff asserts, *inter alia*, that he has "diligently prosecuted this case" but "retaining a new attorney . . . has taken quite some time." (Pl.'s Aff. ¶ 3.) He also blames numerous attorneys and events for his delay of more than four (4) years in his seeking restoration of a case commenced more than six (6) years ago based upon events which occurred more than twelve (12) years ago. However, a review of the history of this litigation indicates that Plaintiff has been dilatory. Moreover, Plaintiff never disputed his previous counsel's claims that he failed to cooperate in this litigation and, Defendant, in its September 2008 Letter, stated, *inter alia*, that it vehemently objects to the restoration of this case and that the Court should *sua sponte* dismiss this case pursuant to Rule 41(b).

Accordingly, the motion of Plaintiff to vacate this Court's November 2008 Order under Rule 60(b) is denied.

C.      Local Rule 6.3

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, "[a] notice of motion for reconsideration or reargument of a court order . . . shall be served within ten (10) days after the entry of the court's determination of the original motion, or . . . within ten (10) days after the entry of the judgment . . . with a

memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. The requirements of Local Rule 6.3 are strictly construed. See United States v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. United States, No. 98 Civ. 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Gross, 2002 WL 32096592, at * 3. It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Id. at * 4. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. See id. at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court. See PAB Aviation, 2000 WL 1240196, at * 1.

Plaintiff filed the instant motion on February 16, 2009, more than ten (10) days after the date the November 2008 Order was entered. Thus, the motion is denied as untimely. Even if timely, Plaintiff's motion would be denied because Plaintiff has not established that there has been an intervening change of controlling law; there is new evidence presented that was not previously available; or there is a need to correct a clear error or prevent manifest injustice.

Accordingly, the motion of Plaintiff to vacate this Court's November 2008 Order is denied.

IV. Conclusion

For the reasons stated herein, the motion of Plaintiff to vacate is DENIED.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 4, 2009
Central Islip, New York